1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   DALTON EDWARD DYER,              No.  2:21-cv-02182-JAM-JDP

11        Plaintiff,

12        v.                          **ORDER GRANTING IN PART AND
                                      DENYING IN PART DEFENDANTS'**
13   CITY OF AUBURN, et. al,          **MOTION TO DISMISS AND DENYING
                                      DEFENDANTS' MOTION TO STRIKE**
14        Defendants.

15

16                    I.   BACKGROUND[1]

17        This action arises from an October 12, 2018, incident in

18   which Dalton Edward Dyer ("Plaintiff") alleges City of Auburn

19   Police Officers Joshua Eagan ("Eagan") and Matthew Nichols

20   ("Nichols") wrongfully detained, searched, beat, tased, and

21   arrested him.  See First Am. Compl. ("FAC"), ECF No. 9.  That

22   day, Plaintiff was riding in the passenger seat of a friend's

23   vehicle when Officer Eagan arrested the friend on a suspected

24   DUI.  Id. ¶ 13.  After Eagan placed the friend in his patrol

25   vehicle, Plaintiff asked for permission to speak to his friend,

26

27   [1] This motion was determined to be suitable for decision without
     oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28   scheduled for May 3, 2022.

                              1

which Eagan granted.  Id. ¶¶ 14-15.  Plaintiff approached the back of the vehicle and began talking to his friend.  Id. ¶ 15. At that point, Officer Nichols arrived on the scene.  Id. ¶ 16. Nichols approached Plaintiff from behind, pushed him up against the patrol car, and starting rifling through his pockets.  Id. Nichols then pinned Plaintiff's hands behind his back as Eagan repeatedly punched him in the face.  Id. ¶ 17.  Plaintiff cried out various times: "I'm not doing nothing!"  Id. ¶¶ 18-19.  The two officers then grabbed him by his arms and swung him around. Id. ¶ 19.  Eagan deployed his taser twice, hitting both Plaintiff and Nichols and causing both to collapse to the ground.  Id. ¶ 20.  Thereafter Plaintiff was arrested.  Id. ¶ 21.

     In the months following his arrest, Plaintiff alleges unidentified officers followed him, stationed cars outside of his home, and threatened him on the internet.  Id. ¶ 28.  Plaintiff was charged with a misdemeanor count for willful resistance, delay, and obstruction of Officers Nichols and Eagan.  Id. ¶ 24. That misdemeanor will be dismissed contingent upon Plaintiff obeying all laws through February 10, 2022.[2]  Id. ¶ 25.

     This lawsuit followed.  See Compl., ECF No. 1.  In the operative complaint, Plaintiff asserts seventeen federal and state law claims against the City of Auburn, John Ruffcorn, Joshua Eagan, and Matthew Nichols ("Defendants").  See generally FAC.  Before the Court is Defendants' motion to dismiss and to strike.  See Mot., ECF No. 11-1.  Plaintiff filed an opposition. See Opp'n, ECF No. 16.  Defendants replied.  See Reply, ECF No.

---

[2] Plaintiff notes in opposition that the charges were in fact dismissed.  Opp'n at 4.

17.  For the reasons set forth below, the Court grants in part
and denies in part Defendants' motion to dismiss and denies
Defendants' motion to strike.

II.   OPINION

A.   Motion to Strike

A Rule 12(f) motion asks the Court to strike portions of a
complaint that are "redundant, immaterial, impertinent or
scandalous."  Fed. R. Civ. P. 12(f).  However, "[m]otions to
strike are disfavored and infrequently granted."  Neveu v. City
of Fresno, 392 F.Supp.2d 1159, 1170 (E.D. Cal. 2005).  It must be
"clear that the matter to be stricken could have no possible
bearing on the subject matter of the litigation."  Id.  Moreover,
"courts often require a showing of prejudice by the moving
party."  Wynes v. Kaiser Permanente Hosp., No. 2:10-cv-00702-MCE-
GGH, 2011 WL 1302916, at *12 (E.D. Cal. Mar. 31, 2011).

Here, Defendants move to strike paragraphs 8, 9, and 28 of
the operative complaint.  Mot. at 14-15.  According to
Defendants, paragraph 8 concerns "an unrelated lawsuit";
paragraph 9 concerns "an unrelated alleged 2017 incident
involving Defendant Nichols while employed with a different
agency"; and paragraph 28 alleges "in the months that followed
[Plaintiff's arrest]" he was "harassed by the police."  Id. at
14.  Defendants contend these paragraphs should be stricken as
impertinent because they do not bear sufficient connection to the
events here.  Id. at 15.

Plaintiff counters that all the information in these
paragraphs is relevant.  Opp'n at 13-15.  Specifically, as to

3

paragraph 9, the allegations that Officer Nichols previously shot multiple suspects, shot a police dog, and then tried to cover up this misconduct are relevant to the negligent hiring claim.  Id. at 13-14.  Additionally, Plaintiff argues these same facts are relevant to "his inclination to use excessive force and to lie, making paragraph 9 relevant to: Counts I, IV, V, VI, VII, VIII, IX, XI XII, and XIV."  Id. at 14.

As to paragraphs 8 and 28, Plaintiff contends these are relevant to his intentional infliction of emotional distress ("IIED") claim.  Id.  Paragraph 8 references a news article entitled Auburn Police Officer Allegedly Threatens Advocate of Dalton Dyer, Jr. on Administrative Leave, which describes how Eagan followed a supporter of Plaintiff home and displayed a "white power hand signal."  FAC ¶ 8.  Paragraph 28 provides: "In the months that followed [Dyer's] arrest, he was harassed by the police.  They would station police cars outside of his home and would tail him when he would drive.  An unknown officer even tagged him in a Facebook post on the Placer County Sheriffs Association page in a thinly veiled threat."  Id. ¶ 28. Plaintiff contends these paragraphs provide evidence of Defendants' extreme and outrageous behavior, an element of an IIED claim.  Opp'n at 14.  Further, Plaintiff argues the "white power hand signal" allegation is relevant to Eagan's "motive to not intervene to stop Nichols' unlawful detention and search, but instead to join in by escalating to violence (Counts I, II, VI, VII, XIII)."  Id. at 15.

Defendants' response to these arguments was in the portion of their reply brief that went over the Court's page limit for

reply memoranda.  See Order re Filing Requirements at 1, ECF No.
3-2; see also Reply at 9-10.  Thus, the Court did not consider
Defendants' response.  Id.  Accordingly, Defendants fail to show
that paragraphs 8, 9, and 28 "could have no possible bearing" on
the case.  See Neveu, 392 F.Supp.2d at 1170.  Nor have they shown
prejudice resulting from inclusion of these paragraphs.  See
Wynes, 2011 WL 1302916, at *12.

Defendants' motion to strike is denied.

B.   Motion to Dismiss

1.   Legal Standard

"To survive a motion to dismiss [under 12(b)(6)], a
complaint must contain sufficient factual matter, accepted as
true, to state a claim for relief that is plausible on its
face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal
quotation marks and citation omitted).  While "detailed factual
allegations" are unnecessary, the complaint must allege more
than "[t]hreadbare recitals of the elements of a cause of
action, supported by mere conclusory statements."  Id.  In
considering a motion to dismiss, the court generally accepts as
true the allegations in the complaint and construes the pleading
in the light most favorable to the plaintiff.  Lazy Y Ranch Ltd.
v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  "In sum, for a
complaint to survive a motion to dismiss, the non-conclusory
'factual content,' and reasonable inferences from that content,
must be plausibly suggestive of a claim entitling the plaintiff
to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th
Cir. 2009).

///

5

1          2.   Analysis: Federal Claims

2               a.   First Claim

3       Defendants argue the first Section 1983 claim for

4  unreasonable detention, search, and arrest should be dismissed as

5  against Eagan for insufficient facts.  Mot. at 3.

6       "A person 'subjects' another to the deprivation of a

7  constitutional right, within the meaning of section 1983, if he

8  does an affirmative act, participates in another's affirmative

9  acts, or omits to perform an act which he is legally required to

10  do that causes the deprivation of which complaint is made."

11  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis

12  added).  The plaintiff must set forth specific facts as to each

13  individual defendant's causal role in the constitutional

14  deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.

15  1988) ("Sweeping conclusory allegations will not suffice.").

16       Plaintiff insists the following allegations are sufficient

17  to show Eagan participated in Nichol's unlawful detention,

18  search, and arrest of Plaintiff: while Nichols forcibly pinned

19  Plaintiff's hands behind his back, Eagan punched Plaintiff in the

20  face.  Opp'n at 2 (citing to FAC ¶ 17).  Eagan "kept swinging,"

21  and both officers tried to slam Plaintiff down, after which Eagan

22  tased Plaintiff.  FAC ¶¶ 18-21.  Contrary to Defendants'

23  insistence otherwise, see Reply at 1-2, these allegations, which

24  the Court must take as true, are sufficient to allege Eagan's

25  participation in Nichols' "affirmative acts."  Johnson, 588 F.2d

26  at 743.  Thus, Defendants' argument for dismissal of the first

27  claim as to Eagan fails.

28       Defendants add that any portion of the first claim for which

1   Plaintiff attempts to proceed on a malicious prosecution theory
2   should be dismissed as redundant to the ninth claim for malicious
3   prosecution.  Mot. at 4.  However, Plaintiff clarifies in
4   opposition that he is not proceeding on a malicious prosecution
5   theory for this claim.  Opp'n at 2.  Accordingly, the Court
6   grants Defendants' request to dismiss with prejudice any portion
7   of the first claim grounded in a malicious prosecution theory.
8   Reply at 2.

9                   b.   Third Claim

10      Defendants seek dismissal of the third Section 1983 claim
11  for a substantive due process violation.  Mot. at 4.  They argue
12  the officers' actions here fall squarely within the Fourth
13  Amendment, rendering the Fourteenth Amendment substantive due
14  process claim redundant.  Id. (citing to Graham v. Connor, 490
15  U.S. 386, 395 (1989) and Albright v. Oliver, 510 U.S. 266, 273
16  (1994)).

17      Plaintiff does not respond to Defendants' legal argument
18  that the Fourth Amendment controls here.  See Opp'n at 2-3.
19  Instead, he stands on his Fourteenth Amendment claim, insisting
20  his allegations state a substantive due process claim.  Id.  But
21  that misses the point.  Defendants assert that Plaintiff may not
22  bring such a claim in the first instance because the Fourth
23  Amendment governs.  Because Plaintiff did not address this legal
24  argument, the third claim is dismissed.  See Resnick v. Hyundai
25  Motor America, Inc., Case No. CV 16-00593-BRO (PJWx), 2017 WL
26  1531192, at *22, (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an
27  argument raised in a motion to dismiss constitutes waiver of that
28  argument.").  The Court further finds amendment would be futile

1  and dismissal with prejudice is appropriate.  See Eminence Cap.,

2  LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003)

3  ("Dismissal with prejudice and without leave to amend is not

4  appropriate unless it is clear . . . that the complaint could not

5  be saved by amendment.").

6                    c.  Fourth Claim

7       Defendants contend the fourth Section 1983 claim for

8  fabrication of evidence should be dismissed for lack of factual

9  support.  Mot. at 4-5.  To state a fabrication of evidence claim,

10 the plaintiff must plausibly allege that: "(1) the defendant

11 official deliberately fabricated evidence, and (2) the deliberate

12 fabrication caused the plaintiff's deprivation of liberty."

13 Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017).  Here,

14 Plaintiff asserts Officers Eagan and Nichols falsely claimed that

15 Plaintiff punched Nichols in order to fabricate probable cause to

16 search, detain, and arrest him.  Opp'n at 3 (citing to FAC ¶¶ 47-

17 50).  That fabrication, Plaintiff insists, caused his deprivation

18 of liberty.  Id.  However, the Court agrees with Defendants that

19 these conclusory allegations do not plausibly state a fabrication

20 of evidence claim.  Reply at 3.  In particular, Plaintiff has not

21 clearly set forth facts supporting a causal connection between

22 the fabricated evidence and the deprivation of liberty.  See

23 generally FAC.  The fourth claim is therefore dismissed without

24 prejudice.  See Eminence Cap., LLC, 316 F.3d at 1052.

25                    d.  Ninth Claim

26      Defendants argue the ninth Section 1983 claim for malicious

27 prosecution should be dismissed for failure to allege favorable

28 termination of the misdemeanor charge.  Mot. at 5-6.  An element

1  of a malicious prosecution claim is "the prior proceeding . . .

2  was pursued to legal termination favorable to the plaintiff."

3  McCubbrey v. Veninga, 39 F.3d 1054, 1055 (9th Cir. 1994)

4  (internal citations omitted).  Here, Plaintiff has not alleged

5  favorable termination, as the operative complaint states the

6  misdemeanor against him is still ongoing.  FAC ¶ 25.  Plaintiff

7  concedes as much in opposition and requests leave to amend "to

8  clarify the dismissal has now occurred."  Opp'n at 4.

9  Plaintiff's ninth claim is therefore dismissed without

10  prejudice.[3]  See Eminence Cap., LLC, 316 F.3d at 1052.

11                    e.   Eleventh Claim

12      Defendants contend the eleventh claim for conspiracy

13  pursuant to Sections 1983 and Section 1985 should be dismissed.

14  Mot. at 6-7.  As an initial matter, Plaintiff notes he is

15  withdrawing the Section 1985 portion of this claim.  Opp'n at 5.

16  The Section 1985 claim is therefore dismissed with prejudice.

17      Turning to the Section 1983 claim, "the plaintiff must state

18  specific facts to support the existence of the claimed

19  conspiracy."  Burns v. County of King, 883 F.2d 819, 821 (9th

20  Cir. 1991) (emphasis added).  The parties dispute whether

21  Plaintiff did so here.  Mot. at 6; Opp'n at 5.  After careful

22  review of the operative complaint, the Court agrees with

23  _____

24  [3] The Court briefly acknowledges the parties' dispute about
   whether the Supreme Court's recent decision in Thompson v. Clark,
   142 S.Ct. 1332 (2022) renders amendment of this claim futile.

25  Opp'n at 4; Reply at 4.  But because the parties "have not done
   this issue justice by making what is effectively a passing

26  reference to it in their briefs . . . the Court declines to take

27  it up in that underdeveloped form."  Shen v. Albany Unified Sch.
   Dist., 3:17-cv-02478-JD, 2018 WL 4053482, at *4 (N.D. Cal. Aug.

28  24, 2018).

9

1  Defendants that "Plaintiff essentially labeled everything that
2  occurred to him as a conspiracy," and in doing so, does not
3  clearly set forth specific facts to support the existence of a
4  conspiracy.  Reply at 5.  Accordingly, the Section 1983 portion
5  of the eleventh claim is dismissed without prejudice.  See
6  Eminence Cap., LLC, 316 F.3d at 1052.

7                         f.   Thirteenth Claim

8       Defendants seek dismissal of the thirteenth claim for
9  failure to intervene pursuant to Sections 1983 and 1986.  Mot. at
10  7-8.  As an initial matter, Plaintiff notes he is withdrawing the
11  Section 1986 portion of this claim.  Opp'n at 7.  The Section
12  1986 claim is therefore dismissed with prejudice.

13       "Officers can be held liable for failing to intercede in
14  situations where excessive force is claimed to be employed by
15  other officers only if 'they had an opportunity to
16  intercede.'"  Hughes v. Rodriguez, 31 F.4th 1211, 1223 (9th Cir.
17  2022).  The Ninth Circuit has instructed the officer must have
18  had a "realistic opportunity" to intercede.  Cunningham v. Gates,
19  229 F.3d 1271, 1290 (9th Cir. 2000).

20       Here, Defendants contend Plaintiff did not allege sufficient
21  facts to state a failure to intervene claim against either Eagan
22  or Nichols.  Mot. at 7.  Plaintiff, however, points to the
23  following allegations: he had been "respectful and cooperative,"
24  he "had not broken any laws," and Eagan had intended to allow
25  Dyer to walk home before Nichols arrived.  Opp'n at 7 (citing to
26  FAC ¶¶ 15-17, 104).  Instead, Eagan joined in Nichol's search and
27  detention by punching Dyer in the face and continuously throwing
28  punches.  Id. (citing to FAC ¶¶ 17, 104, 107).  He also deployed

10

1  his taser.  Id. (citing to FAC ¶¶ 18-20, 104-105).  For his part,

2  Nichols could have stopped Eagan from continuing to throw punches

3  but did not.  Id. (citing to FAC ¶¶ 18-19, 104-105, 107).  These

4  allegations are sufficient to show each of the officers had a

5  realistic opportunity to intervene.  Cunningham, 229 F.3d at

6  1290.

7       The Court did not consider Defendants' response, which was

8  in the portion of their reply brief that went over the Court's

9  page limit for reply memoranda.  Order re Filing Requirements at

10  1; see also Reply at 6.  Thus, their motion is denied as to the

11  Section 1983 portion of the thirteenth claim.

12                     g.   Sixteenth Claim

13       Defendants move to dismiss Plaintiff's sixteenth Monell

14  cause of action for lack of factual support.  Mot. at 8-9.

15       Municipalities may be held liable under Section 1983 for

16  constitutional injuries inflicted through a municipal policy or

17  custom.  Monell v. Dep' t of Social Servs., 436 U.S. 658, 694

18  (1978).  To properly state a Monell claim, allegations in a

19  complaint "may not simply recite the elements . . . but must

20  contain sufficient allegations of underlying facts to give fair

21  notice and to enable the opposing party to defend itself

22  effectively."  AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d

23  631, 637 (9th Cir. 2012).

24       The parties vigorously dispute whether Plaintiff's Monell

25  custom and practice and his failure to train and supervise claims

26  are factually supported.  Mot. at 8; Opp'n at 7-8.  The Court

27  agrees with Defendants that Plaintiff's allegations are entirely

28  conclusory and therefore insufficient.  See FAC ¶¶ 132-134.

1   Plaintiff asks the Court to infer from his experience alone the
2   existence of a policy or custom.  But that is insufficient to
3   state a <u>Monell</u> claim.  <u>See e.g.</u>, <u>Cain v. City of Sacramento</u>, No.
4   2:17-cv-00848-JAM-DB, 2017 WL 4410116, at *3 (E.D. Cal. Oct. 3,
5   2017) (noting "[d]istrict courts have dismissed complaints where
6   a plaintiff alleged a single incident of unconstitutional conduct
7   as the basis for their <u>Monell</u> claim").

8       So too with Plaintiff's failure to train, supervise, and
9   discipline claims: the allegations are conclusory and thereby
10  insufficient.  <u>See</u> FAC ¶¶ 135-136.  The sixteenth claim is thus
11  dismissed without prejudice.  <u>See</u> <u>Eminence Cap., LLC</u>, 316 F.3d at
12  1052.

13          3.   <u>Analysis: State Law Claims</u>

14              a.   <u>Tenth Claim</u>

15      Plaintiff states in his opposition brief that the tenth
16  claim is withdrawn.  Opp'n at 5.  This claim is dismissed with
17  prejudice.

18              b.   <u>Fifth, Sixth, Seventh, Twelfth, Fourteenth,</u>
19                   <u>and Fifteenth Claims Against the City</u>

20      As to the City of Auburn, Defendants argue the fifth claim
21  for false arrest, sixth claim for battery, seventh claim for
22  excessive force, twelfth claim for conspiracy, fourteenth claim
23  for IIED, and fifteenth claim for negligent hiring and
24  supervision are barred by California Government Code Section
25  815.  Mot. at 9.

26      That Section provides: "[e]xcept as otherwise provided by
27  statute: (a) A public entity is not liable for an injury, whether
28  such injury arises out of an act or omission of the public entity

                                  12

1  or a public employee or any other person."  Cal. Gov. Code § 815,

2  subd. (a).  This Section "abolished all common law or judicially

3  declared forms of liability for public entities, except for such

4  liability as may be required by the federal or state

5  Constitution . . . [t]hus in the absence of some constitutional

6  requirement, public entities may be liable only if a statute

7  declares them to be liable."  Cochran v. Herzog Engraving Co.,

8  155 Cal.App.3d 405, 409 (1984).

9       Section 815 bars the fifth, sixth, seventh, twelfth,

10  fourteenth, and fifteenth claims directly against the City.  Mot.

11  at 9.  However, Plaintiff clarifies he is bringing vicarious

12  liability not direct liability claims against the City and that

13  he is doing so pursuant to Section 815.2 not Section 815.  Opp'n

14  at 8-9.  Further, Plaintiff brings forward ample authority

15  supporting his position that a municipality can be held

16  vicariously liable.  Id. at 9.  The Court did not consider

17  Defendants' response, which was in the portion of their reply

18  brief that went over the Court's page limit.  Order re Filing

19  Requirements at 1; see also Reply at 7.

20       Accordingly, the fifth, sixth, seventh, twelfth, fourteenth,

21  and fifteenth claims for direct liability against the City are

22  dismissed with prejudice.  However, Defendants' motion is denied

23  as to those same claims against the City for vicarious liability.

24                   c.   Sixth and Seventh Claims

25       Defendants additionally argue the seventh claim for

26  unreasonable force is redundant to the sixth claim for battery.

27  Mot. at 9-10 (citing to Brown v. Ransweiler, 171 Cal.App.4th 516

28  (2009) and Munoz v. City of Union City, 120 Cal.App.4th 1077

1   (2004)).  In opposition, Plaintiff did not address this argument.

2   See Opp'n.  Indeed, Plaintiff did not discuss Brown or Munoz

3   whatsoever.  Id.  Plaintiff's seventh claim is thus dismissed

4   with prejudice.  See Resnick, 2017 WL 1531192, at *22; see also

5   Eminence Cap., LLC, 316 F.3d at 1052.

6       Plaintiff requests leave to amend his sixth claim for

7   battery to allege excessive force under the Fourth Amendment.

8   Opp'n at 3.  Because Defendants' response was in the portion of

9   their reply brief that violated the Court's page limit, it was

10  not considered.  Order re Filing Requirements at 1; see also

11  Reply at 7.  Accordingly, Plaintiff's request is granted.

12                  d.   Eighth Claim

13      Defendants contend the eighth claim under the Bane Act is

14  factually unsupported.  Mot. at 10.

15      To state a Bane Act claim, plaintiffs must allege defendant

16  had a specific intent to violate their rights.  Reese v. Cty. of

17  Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018).  Defendants

18  emphasize Plaintiff does not allege facts indicating any specific

19  intent to violate his rights; instead "he merely concludes that

20  any detention, search or force used was done with 'reckless

21  disregard' for his rights."  Mot. at 10.  In response, Plaintiff

22  directs the Court to his allegation that Eagan and Nichols acted

23  with a "reckless disregard" for his rights.  Opp'n at 3-4.  But

24  Plaintiff fails to identify any facts supporting that conclusory

25  allegation.  Id.  What Plaintiff directs the Court to –

26  paragraphs 29, 70, and 74 – do not contain facts but rather legal

27  conclusions.  See FAC ¶¶ 29, 70, 74.  For instance, Paragraph 29

28  states: "The conduct of Defendants OFC. EAGAN and OFC. NICHOLS

                                14

1   was willful, wanton, malicious, and done with reckless disregard

2   for the rights and safety of MR. DYER and caused MR. DYER to

3   suffer physical and emotional injuries."  The Court need not

4   "accept as true a legal conclusion couched as a factual

5   allegation."  Iqbal, 556 U.S. at 678.  As such, the eighth claim

6   is dismissed without prejudice.  See Eminence Cap., LLC, 316 F.3d

7   at 1052.

8                    e.   Twelfth Claim

9        Defendants likewise argue the twelfth claim for common law

10   conspiracy is factually unsupported.  Mot. at 10.

11        "The elements of an action for civil conspiracy are the

12   formation and operation of the conspiracy and damage resulting to

13   plaintiff from an act or acts done in furtherance of the common

14   design."  Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7

15   Cal.4th 503, 511 (1994).  Here, the Court agrees with Defendants

16   that no facts support the formation of an agreement to violate

17   Plaintiff's rights.  Mot. at 10.  In opposition, Plaintiff cites

18   to Baker v. State of California, No. CIV-S-05-0589GEBKJM, 2005 WL

19   1683671 (E.D. Cal. July 11, 2005).  Opp'n at 5-6.  But Baker does

20   not save this claim because the issue here is lack of factual

21   support.  Id.  Indeed, the very paragraphs Plaintiff quotes from

22   and directs the Court to are conclusory and devoid of facts.  See

23   Opp'n at 6 (citing to FAC ¶¶ 100-102).  In particular, there are

24   no facts from which this Court can infer Eagan and Nichols formed

25   an agreement.  The twelfth claim is therefore dismissed without

26   prejudice.  See Eminence Cap., LLC, 316 F.3d at 1052.

27                    f.   Fourteenth and Fifteenth Claims

28        Defendants raise various arguments as to why the fourteenth

15

1    claim for IIED and the fifteenth claim for negligent hiring and

2    supervision should be dismissed.  Mot. at 11-13.  First, as to

3    Police Chief Ruffcorn, Defendants contend these claims are barred

4    by the two-year statute of limitations.  Id. at 11-12 (citing to

5    Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 806 (2005)).

6    Here, the alleged injury occurred on October 12, 2018.  FAC ¶ 13.

7    But Plaintiff first asserted claims against Defendant Ruffcorn in

8    the amended complaint filed on January 31, 2022, more than three

9    years later.  See FAC.  Plaintiff does not dispute this in

10   opposition.  See Opp'n at 9-10.  Rather, Plaintiff contends the

11   statute of limitations tolled under California Government Code

12   Section 945.3.  Id.

13        That Section provides: "No person charged by indictment,

14   information, complaint, or other accusatory pleading charging a

15   criminal offense may bring a civil action for money or damages

16   against a peace officer or the public entity employing a peace

17   officer based upon conduct of the peace officer relating to the

18   offense for which the accused is charged, including an act or

19   omission in investigating or reporting the offense or arresting

20   or detaining the accused, while the charges against the accused

21   are pending before a superior court.  Any applicable statute of

22   limitations for filing and prosecuting these actions shall be

23   tolled during the period that the charges are pending before a

24   superior court."  Cal. Gov. Code § 945.3.  Defendants argue

25   tolling under this Section does not apply because Ruffcorn is not

26   the peace officer alleged to have arrested Plaintiff, nor is his

27   allegedly wrongful conduct – namely his hiring and supervision of

28   Nichols - related to the criminal charges.  Mot. at 12.

1     Plaintiff insists the opposite.  Opp'n at 9-10 (citing to

2 Guy v. Lorenzen, 547 F.Supp.3d 927, 950 (S.D. Cal. 2021)).

3 Defendants' response was in the portion of their reply brief that

4 violated the Court's page limit and thus was not considered.

5 Order re Filing Requirements at 1; see also Reply at 8-9.

6 Plaintiff's legal arguments therefore went unaddressed, and

7 Defendants do not show dismissal is warranted on these grounds.

8     Defendants next argue the fourteenth claim against Ruffcorn

9 fails because Plaintiff cannot base an IIED claim on negligent

10 hiring.  Mot. at 12-13.  "A cause of action for intentional

11 infliction of emotional distress exists when there is (1) extreme

12 and outrageous conduct by the defendant with the intention of

13 causing, or reckless disregard of the probability of causing,

14 emotional distress; (2) the plaintiff's suffering severe or

15 extreme emotional distress; and (3) actual and proximate

16 causation of the emotional distress by the defendant's outrageous

17 conduct."  Hughes v. Pair, 46 Cal.4th 1035, 1050 (2009).  Here,

18 Defendants argue Ruffcorn's negligent hiring of Nichols is not

19 intentional conduct, and therefore cannot form the basis of an

20 IIED claim.  Mot. at 13.  Further, Defendants claim this is

21 redundant to the fifteenth claim for negligent hiring.  Id.

22     Plaintiff responds that his allegations show Ruffcorn acted

23 with more than mere negligence but rather "reckless disregard"

24 when he hired Nichols.  Opp'n at 10-11.  Specifically, Plaintiff

25 insists "the FAC sufficiently alleges that Ruffcorn hired Nichols

26 having reason to know facts that would have led a reasonable man

27 to realize that the hire created an unreasonable risk of harm to

28 others substantially greater than ordinary negligence."  Id. at

1   11.  As such, his claim may proceed on this "reckless disregard"

2   theory.  Id.  Lastly, as to Defendants' challenge that this claim

3   is redundant, Plaintiff points out the elements of each claim are

4   distinct and therefore this claim is not redundant.  Id.  Once

5   again, Defendants' response to Plaintiff's arguments was in the

6   portion of their reply brief which was not considered because it

7   violated the Court's page limit.  Order re Filing Requirements at

8   1; see also Reply at 9.  In failing to address Plaintiff's

9   arguments, Defendants do not establish dismissal of the

10  fourteenth claim against Ruffcorn is warranted on these alternate

11  grounds.

12       Turning to fifteenth claim for negligent hiring and

13  supervision, Defendants again argues this claim fails as against

14  the City because it is barred by California Government Code

15  Section 815.  Mot. at 13.  However, as discussed above, Plaintiff

16  is not proceeding under Section 815; that is, Plaintiff is not

17  trying to hold the City directly liable.  Opp'n at 11.  Instead,

18  he is proceeding on a vicarious liability theory.  Id.  As the

19  Court concluded above: the fifteenth claim is dismissed as to any

20  claim of direct liability against the City, but Defendants'

21  motion is denied as to the vicarious liability portion of the

22  fifteenth claim against the City.

23       Finally, as to the fifteenth claim against Ruffcorn,

24  Defendants contend Plaintiff did not allege sufficient facts of a

25  special relationship between Plaintiff and Ruffcorn.  Mot. at 13

26  (citing to C.A. v. William S. Hart Union High School Dist., 53

27  Cal.4th 861 (2012)).  "Absent such a special relationship, there

28  can be no individual liability to third parties for negligent

1  hiring, retention or supervision of a fellow employee, and hence

2  no vicarious liability under section 815.2." <u>William S. Hart</u>, 53

3  Cal.4th at 877.  Here, Defendants argue there are no facts

4  supporting the existence of a special relationship between

5  Plaintiff and Ruffcorn.  Mot. at 13.  The Court agrees.  <u>Accord</u>

6  <u>Fuentes v. City of San Diego</u>, No. 3:16-cv-02871-BEN-JMA, 2017 WL

7  2670976, at *3 (S.D. Cal. June 20, 2017) ("Plaintiffs generally

8  allege that the City and/or SDPD have a duty to protect people

9  from harm and exercise care in selection, retention, training,

10 and supervision of their employees.  However, these alleged

11 duties do not resemble the enhanced duties imposed on school

12 personnel that formed the basis for their special relationship

13 with the minor plaintiff in <u>William S. Hart</u>.").

14      Plaintiff's citations to cases involving the readily

15 distinguishable contexts of school and jail do not save his claim

16 from dismissal.  Opp'n at 11-12 (citing to <u>William S. Hart</u>, 53

17 Cal.4th at 869 (school) and <u>Giraldo v. Cal. Dep't of Corr.</u>, 168

18 Cal.App.4th 231, 250-51 (2008)(jail)).  At most, those cases

19 support Plaintiff's contention that this claim does not fail as a

20 matter of law.[4]  But they do not change the factual deficiencies.

21 The fifteenth claim against Ruffcorn is thus dismissed without

22 prejudice.  <u>See</u> <u>Eminence Cap., LLC</u>, 316 F.3d at 1052.

23           g.    <u>Seventeenth Claim</u>

24      Defendants argue the seventeenth claim for vicarious

25 liability should be dismissed because it is a theory of

26 ───────────────

27 [4] Defendants' response was again in a part of their reply brief
   that violated the Court's page limit.  Order re Filing
   Requirements at 1; <u>see also</u> Reply at 9.  The Court did not

28 consider it.

19

1    liability, not an independent cause of action.  Mot. at 14

2    (citing to <u>Gottschalk v. City & Cty. of San Francisco</u>, No. C-12-

3    4531 EMC, 2013 WL 557010, at *8 (N.D. Cal. Feb. 12, 2013)).

4    Plaintiff responds that vicarious liability, while a theory of

5    liability, can also be pled as a separate count.  Opp'n at 13

6    (citing to <u>Goldsmith v. CVS Pharmacy, Inc.</u>, No. CV 20-00750-AB

7    (JCx), 2020 WL 3966004, at *10 (C.D. Cal. May 5, 2020)).

8    However, Plaintiff does not explain how this is not redundant to

9    the fifth, sixth, seventh, twelfth, fourteenth, and fifteenth

10   claims, for which he expressly states he is seeking to hold the

11   City liable under a vicarious liability theory.  <u>See</u> Opp'n at 8-

12   9, 11.  Nor does he account for the statement in his own cited

13   authority that: "vicarious liability is a theory of liability

14   that must attach to an underlying claim."  <u>Goldsmith</u>, 2020 WL

15   3966004, at *9.  The seventeenth claim is therefore dismissed

16   with prejudice.

17        C.   <u>Sanctions</u>

18        A violation of the Court's standing order requires the

19   offending counsel, not the client, to pay $50.00 per page over

20   the page limit to the Clerk of Court.  Order re Filing

21   Requirements at 1.  Moreover, the Court did not consider

22   arguments made past the page limit.  <u>Id.</u>  Here, Defendants' reply

23   brief exceeded the Court's page limit by 5 pages.  <u>See</u> Reply.

24   Defendants' counsel must therefore send a check payable to the

25   Clerk for the Eastern District of California for $250.00 no later

26   than seven days from the date of this Order.

27                       III.   ORDER

28        For the reasons set forth above, the Court DENIES

                                   20

Defendants' motion to strike.  Defendants' motion to dismiss is
denied in part and granted in part as follows:

    1.   DENIED as to the first claim against Eagan;

    2.   GRANTED WITH PREJUDICE as to any portion of the first
claim which proceeds on a malicious prosecution theory;

    3.   GRANTED WITH PREJUDICE as to the third claim;

    4.   GRANTED WITHOUT PREJUDICE as to the fourth claim;

    5.   GRANTED WITHOUT PREJUDICE as to the ninth claim;

    6.   GRANTED WITH PREJUDICE as to the Section 1985 portion
of the eleventh claim;

    7.   GRANTED WITHOUT PREJUDICE as to the Section 1983
portion of the eleventh claim;

    8.   GRANTED WITH PREJUDICE as to the Section 1986 portion
of the thirteenth claim;

    9.   DENIED as to the Section 1983 portion of the thirteenth
claim;

    10.  GRANTED WITHOUT PREJUDICE as to the sixteenth claim;

    11.  GRANTED WITH PREJUDICE as to the tenth claim;

    12.  GRANTED WITH PREJUDICE as to the direct liability
portions of the fifth, sixth, seventh, twelfth, fourteenth, and
fifteenth claims against the City;

    13.  DENIED as to the vicarious liability portions of the
fifth, sixth, twelfth, fourteenth, and fifteenth claims against
the City;

    14.  GRANTED WITH PREJUDICE as to the seventh claim but
Plaintiff is GRANTED leave to amend his sixth claim to allege
excessive force under the Fourth Amendment;

    15.  GRANTED WITHOUT PREJUDICE as to the eighth claim;

1       16.   GRANTED WITHOUT PREJUDICE as to the twelfth claim;

2       17.   DENIED as to the fourteenth claim against Ruffcorn;

3       18.   GRANTED WITHOUT PREJUDICE as to the fifteenth claim

4  against Ruffcorn; and

5       19.   GRANTED WITH PREUDICE as to the seventeenth claim.

6       If Plaintiff elects to amend his complaint, he shall file a

7  second amended complaint within twenty days (20) of this order.

8  Defendants' responsive pleadings are due twenty days (20)

9  thereafter. The Court strongly recommends that Plaintiff consider

10 consolidating and/or eliminating many of his seventeen claims for

11 relief. A "kitchen sink" approach to pleading in federal court

12 usually does not serve the Plaintiff well in the long run.

13      IT IS SO ORDERED.

14 Dated: June 21, 2022

15

16                              JOHN A. MENDEZ,

17                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28