**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants CITY OF AUBURN, JOSHUA EAGAN, MATTHEW NICHOLS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DALTON EDWARD DYER, | CASE NO. 2:21-cv-02182-JAM-JDP |
|---|---|
| Plaintiff, | **DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION** |
| v. | |
| CITY OF AUBURN, JOHN RUFFCORN, JOSHUA EAGAN, and MATTHEW NICHOLS, | |
| Defendants. | Date: May 7, 2024<br>Time: 1:00 p.m.<br>Courtroom: 6, 14th Floor<br>Trial Date: July 29, 2024 |
| / | Complaint Filed: 11-23-2021<br>First Amended Complaint Filed: 1-31-2022<br>Second Amended Complaint Filed: 7-26-2022 |

Defendants hereby submits this Separate Statement of Undisputed Material Facts in Support of her Motion for Summary Judgment:

## STATEMENT OF FACTS

| **DEFENDANT'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **PLAINTIFF'S OPPOSITION** |
|---|---|
| 1. October 12, 2018, Officer Eagan performed a traffic stop on a vehicle being driven by Martin Gonzalez-Valenzuela ("Mr. | |

1

| | | |
|---|---|---|
| | Valenzuela") for suspicion of driving under the influence in Auburn, California.<br><br>(Deposition testimony of Officer Eagan, taken February 8, 2024, pp.57: 15-58:9; 72:18-24; See also ¶13, Second Amended Complaint; ECF No. 24). | |
| 2 | Plaintiff Mr. Dyer was a passenger in the vehicle.<br><br>(Deposition testimony of Officer Eagan, taken February 8, 2024, pp.57: 15-58:9; 72:18-24; See also ¶13, Second Amended Complaint; ECF No. 24). | |
| 3 | Officer Nichols was dispatched as cover officer.<br><br>(Deposition testimony of Officer Nichols, taken January 18, 2024, p.52:20-23;54:9-14) | |
| 4. | Mr. Valenzuela was arrested and placed into the rear of a patrol vehicle.<br><br>(Deposition testimony of Officer Eagan, taken February 8, 2024, pp.79:19-80:3). | |
| 5 | Plaintiff asked and was allowed to speak to Mr. Valenzuela who was sitting in the rear of the vehicle.<br><br>(Deposition testimony of Officer Eagan, taken February 8, 2024, p.84:7-13; Deposition testimony of Officer Nichols, taken January 18, 2024, p.57:20-58:16). | |
| 6 | While speaking to Mr. Valenzuela, the officers determined to place Plaintiff under arrest for being intoxicated in public.<br><br>(Deposition testimony of Officer Eagan, taken February 8, 2024, p.94:1-13; Deposition testimony of Officer Nichols, taken January 18, 2024, p.57:20-58:16;59:1-60:2; 114:20-118:2). | |

| | | | |
|---|---|---|---|
| 7 | Officer Nichols started to remove a baggie of marijuana from Plaintiff's back pocket but did not complete the removal. (Deposition testimony of Officer Eagan, taken February 8, 2024, pp.100:17-10:8;102:3-21 Deposition testimony of Officer Nichols, taken January 18, 2024, pp.68:7-70:19))). | |
| 8 | Officer Eagan denies inadvertently punching Officer Nichols during the interaction with Plaintiff. (Deposition testimony of Officer Eagan, taken February 8, 2024, p.144:24-145:1). | |
| 9 | Officer Nichols denies that Officer Eagan punched him. (Deposition testimony of Officer Nichols, taken January 18, 2024, p.73:74:8; 87:12-88:17). | |
| 10 | Officer Nichols denies telling a medical provider that he was struck by his partner. (Deposition testimony of Officer Nichols, taken January 18, 2024, p.93:14-94:3; 103:21-104:17) | |
| 11 | Plaintiff was charged with three felony counts in *People v Dyer*, Case No. 62-163200: felony violation of Penal code section 69 resisting an offer with special allegation of great bodily injury, 243(c)(2)and 243(d), battery upon an officer with great bodily injury. (See Criminal Complaint *People v Dyer*, Case No. 62-163200, Exhibit A to Request for Judicial Notice "RJN"). | |
| 12 | On June 26, 2019, the Placer County Superior Court in *People v Dyer*, Case No. 62-163200, held a preliminary hearing, finding probable cause to hold Plaintiff over on charges of felony violation of Penal code section 69 resisting an offer with special allegation of great bodily injury, 243(c)(2)and 243(d), battery upon an officer with great bodily injury. | |

| | | |
|---|---|---|
| | (See Transcript *People v Dyer*, Case No. 62-163200, Exhibit B to Request for Judicial Notice). | |
| 13 | On August 29, 2019, the Placer County Superior Court adjudicated a motion to dismiss under California Penal code section 995, which challenged the basis for the charges, including those under Penal Code sections 69 and 148. The motion was denied<br><br>(See Transcript People v Dyer, Case No. 62-163200, Exhibit C to Request for Judicial Notice). | |
| 14 | Plaintiff filed a tort claim in this matter, which merely stated "On or about October, 12, 2018, at 151 College Way in Auburn, Claimant was falsely arrested and physically assaulted by Auburn police officers. Unsupported charges were brought and dismissed.  On or about October 15, 2018, Claimant submitted both an electronic and verbal complaint."<br><br>(Exhibit D to RJN) | |

Dated:  March 1, 2024　　　　　　　　　　PORTER SCOTT
　　　　　　　　　　　　　　　　　　　　A PROFESSIONAL CORPORATION


　　　　　　　　　　　　　　　　　　　By /s/ John R. Whitefleet
　　　　　　　　　　　　　　　　　　　　　John R. Whitefleet
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

4

DEFENDANTS SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

4856-5450-1034, v. 1